IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J Sports Productions, Inc., | CASE NO. CV F 10-1704 LJO DLB |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** (Doc. 14) |
| vs. | |
| RAMON LOPEZ FRANCO, dba KNOCKOUT BAR & GRILL, | |
| Defendant. | |

### INTRODUCTION

Plaintiff J & J Sports Productions, Inc. ("JJ Sports") moves to strike each of the 29 affirmative defenses asserted by defendant Ramon Lopez Franco ("Mr. Franco"), d.b.a. Knockout Bar & Grill ("Knockout") pursuant to Fed. R. Civ. P. 12(f). Mr. Franco, proceeding in propria persona, failed to oppose this motion. Having considered JJ Sports' arguments and the applicable case law, this Court finds this motion suitable for a decision without a hearing, and VACATES the March 9, 2011 hearing on this motion pursuant to Local Rule 230(c) and (h). For the foregoing reasons this Court GRANTS JJ Sports' motion and STRIKES each of the 29 affirmative defenses asserted by Mr. Franco as insufficiently pled. In addition to the insufficient pleading, some affirmative defenses are insufficient as a matter of law. This Court GRANTS Mr. Franco leave to amend his answer. Mr. Franco's amended answer, if any, must be filed and served no later than March 24, 2011.

**BACKGROUND**

In its complaint, filed September 16, 2010, JJ Sports alleges the following facts:

JJ Sports was granted the exclusive nationwide commercial distribution rights to "Number One: The Floyd Mayweather, Jr. v. Juan Manuel Marquez Championship Fight Program" ("Program"). The Program telecast nationwide on Saturday, September 19, 2009. JJ Sports' distribution rights encompassed all undercard events as well as the main event to be broadcast in the Program.

Pursuant to the contract granting its distribution rights, JJ Sports entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. Without authorization, Mr. Franco unlawfully intercepted and exhibited the Program at Knockout. JJ Sports asserts the following counts against Mr. Franco:

(1)   Violation of 47 U.S.C. §605;

(2)   Violation of 47 U.S.C. §553;

(3)   Conversion; and

(4)   Violation of Cal. Bus. Prof. Code §17200 et seq.

JJ Sports seeks statutory damages, compensatory, exemplary, and punitive damages, attorneys fees and costs, and declaratory and injunctive relief.

Mr. Franco filed an answer to the complaint ("Answer") on January 4, 2011. In his Answer, Mr. Franco denied the allegations of the complaint, and asserted 29 affirmative defenses. JJ Sports moved to strike the affirmative defenses.

**STANDARD OF REVIEW**

JJ Sports moved to strike the affirmative defenses pursuant to Fed. R. Civ. P. 12(f). Pursuant to Fed. R. Civ. P. 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored. *Ali v. New York Cirty Transit Auth.*, 176 F.R.D. 68 (E.D. NY 1997), *aff'd*, 182 F.3d 989 (2nd Cir. 1999). A motion to strike an insufficient affirmative defense will be granted only if the insufficiency is "clearly apparent." *Id.* An affirmative defense is insufficient if it fails to provide the plaintiff with "fair notice" of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Matter may be stricken as "immaterial" if it "has no essential or important relationship to the claim for relief" *Fantasy, Inc. v.*

*Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 51 (1994). This Court may strike a pleading as "impertinent" if it does "not pertain...to the issues in question." *Id*.

Affirmative defenses are subject to the pleading standards of Fed. R. Civ. P. 8. *See*, Fed. R. Civ. P. 8(c)(1). Fed. R. Civ. P.8 requires a party to make "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 n.3 (2007). To state an affirmative defense sufficiently, a defendant must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 544. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). When an affirmative defense is "'merely consistent with' a [plaintiff's] liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir.2003) (citation omitted).

In addition to the above standards, this Court applies a lenient standard to documents filed by pro se litigants. "A document filed pro se is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, this Court shall consider JJ Sports' motion to strike under generally applicable standards, while liberally construing Mr. Franco's affirmative defenses.

## DISCUSSION

### Failure to Give Fair Notice

JJ Sports argues that each of the affirmative defenses is pled insufficiently. JJ Sports characterizes the affirmative defenses as "boilerplate recitations that provide no factual support linking them to the issues herein." Memo., p. 4. This Court agrees with this characterization.

Each of the 29 affirmative defenses appears to be a boilerplate defense. None of the affirmative defenses is supported by facts. Rather, all of the affirmative defenses are legal conclusions and theories, some of which are inapplicable to the asserted legal theories in the complaint. To state an affirmative defense sufficiently, a defendant must plead "enough facts to state a claim to relief that is plausible on

its face." *Twombly*, 550 U.S. at 554. Here, there is an absence of facts to support any of the affirmative facts. Even under a liberal construction, this Court finds that all of the affirmative defenses are insufficient because they lack facts to either give JJ Sport "fair notice" of the defense, or to link the defense to the claims asserted in this action. *See, Wyshak*, 607 F.2d at 827. Mr. Franco's affirmative defenses, which amount to "blanket assertions" of legal theories, fail to provide JJ Sports with fair notice as to the facts upon which the defenses are asserted . *Twombly*, 550 U.S. at 555 n.3; *see also, Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ("Applying the [*Iqbal*/*Twombly*] standard [to affirmative defenses] will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted."). Accordingly, this Court STRIKES all of the affirmative defenses as insufficiently pled.

## Legally Insufficient Affirmative Defenses

In addition to insufficient pleading, Mr. Franco asserts multiple "affirmative defenses" which fail at a matter of law. In his first affirmative defense, Mr. Franco alleges that, as to "each and every count...Plaintiffs [sic] Complaint fails to state facts sufficient to constitute a claim." This allegation asserts that JJ Sports cannot establish his claim. This is not an affirmative defense. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). An allegation that "merely negates an element" that a plaintiff is required to prove "is not an affirmative defense required to be pled in [defendant's] answer." *Id.*; *see also, Flav-O-Rich v. Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (recognizing that a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense). Mr. Franco similarly raises defenses that challenge causation. In his second affirmative defense, Mr. Franco alleges that he "was not the cause in fact, or the proximate cause of any injury and damages alleged by Plaintiff." In his eighth affirmative defense, Mr. Franco alleges that "the sole and proximate cause of the acts complained of by Plaintiff were due to the acts and/or omissions of persons and entities other than" Mr. Franco. In his twenty-eighth affirmative defense, Mr. Franco re-alleges that his "conduct was not the cause in fact, or the proximate cause of any of the losses alleged by Plaintiff." As set forth above, allegations that negate an element of JJ Sports' claims are not

affirmative defenses. Accordingly, and for this additional reason, this Court STRIKES Mr. Franco's first, second, eighth and twenty-eighth affirmative defenses.

### Immaterial and Impertinent Defenses

Some of Mr. Franco's affirmative defenses are impertinent to the claims asserted by JJ Sports in the complaint. Although this is not a copyright action, Mr. Franco asserts multiple affirmative defenses based on copyright or copyright infringement. In his fifth cause of action, Mr. Franco argues that JJ Sports "is estopped to allege that any acts of DEFENDANT now constitute an infringement of any copyright Plaintiff allegedly has." Mr. Franco's sixth affirmative defense based on laches is also addressed to copyright claims. The seventeenth affirmative defense asserts that "the purported copyrights of Plaintiff are unenforceable because the subject matter was in the public domain." Mr. Franco twenty-fourth affirmative defense asserts a "fair use" defense specific to copyright law. In his twenty-fifth affirmative defense, Mr. Franco asserts that "Plaintiff abandoned its alleged rights in the works by acts which have caused the marks to lose their significance as copyrighted works." These defenses are "impertinent matter" as they are "statements that do not pertain, and are not necessary, to the issues in question." *Fantasy*, 984 F.2d at 1527. Accordingly, and for this additional reason, this Court STRIKES Mr. Franco's fifth, sixth, seventeenth, twenty-fourth, and twenty-fifth affirmative defenses as impertinent and immaterial matter.

### Redundant Defenses

Mr. Franco's affirmative defenses also assert redundant material. In this twelfth affirmative defense, Mr. Franco alleges that "this Court lacks jurisdiction over the subject matter of this action." An affirmative defense that this Court is without subject matter jurisdiction is inappropriate, in that a defendant's denial that jurisdiction exists is sufficient to preserve the defense. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734 (N. D. Ill. 1982). In paragraph 1 of Mr. Franco's Answer, he alleges "that this Court lacks jurisdiction over the subject matter of this action." This denial of jurisdiction is sufficient, rendering the affirmative defense redundant. Similarly, Mr. Franco asserts a lack of venue in his thirteenth affirmative defense, and challenges the forum in his fifteenth affirmative defense. These matters are also denied in his Answer. Accordingly, and for this additional reason, this Court STRIKES Mr. Franco's twelfth, thirteenth, and fifteenth affirmative defenses pursuant to Fed. R. Civ. P. 12(f) as

redundant material.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.   VACATES the March 9, 2011 hearing on this motion;
2.   GRANTS JJ Sports' motion to strike;
3.   STRIKES Mr. Franco's 29 affirmative defenses; and
4.   GRANTS Mr. Franco leave to amend his answer. Mr. Franco's amended answer, if any, must be filed no later than March 24, 2011. The Court has more than 1300 cases to administer. It does not have time to work on the same issue on the same case more than once. If Mr. Franco chooses to plead affirmative defenses without legal or factual basis in the amended answer, those affirmative defenses shall be stricken without opportunity to amend.

IT IS SO ORDERED.

**Dated:   March 1, 2011**                         /s/ Lawrence J. O'Neill
                                                               UNITED STATES DISTRICT JUDGE